IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARMAINE PRATER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-6218 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                  JANUARY 14, 2020

      Plaintiff Charmaine Prater, a self-represented litigant, submitted what appears to be a civil rights Complaint against the City of Philadelphia, various departments of the City, and various employees of the City. Prater seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Prater leave to proceed *in forma pauperis* and dismiss her Complaint. Prater also filed a "Motion for Protection," (ECF No. 3) which the Court will deny.

**I.    FACTUAL ALLEGATIONS**

      Prater's Complaint is sparse.[1] Prater generally alleges that the City and its employees have "violated owner[']s civil rights by targeting their properties for the [purpose] of demolition to make money for the City" from "bogus" violations and taxes. (Compl. ECF No. 2 at 2.)[2] Prater alleges that she is a "former city worker and whistle blower." (*Id.*) Her Complaint

---

[1] Although unclear, the Complaint suggests that Prater may have intended to remove to this Court administrative proceedings related to her property. (*See* Compl. ECF No. 2 at 2 (indicating that Prater seeks "Removal of City Case to Federal Court . . . due to Civil Rights Violations"). However, Prater filed this matter as an original action and her pleading is titled "Complaint." She did not file a notice of removal or comply with any of the other procedures of the removal statute. *See* 28 U.S.C. § 1446. In any event, there is no basis for removal to federal court of claims based on a defendant's intention to raise federal defenses to claims arising under state or municipal law. *See Bracken v. Matgouranis*, 296 F.3d 160, 163-64 (3d Cir. 2002).

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

appears to concern property she owns at 6003 Reinhard Street in Philadelphia, which the City boarded up and intends to demolish. (*Id.*) Prater also alleges that she was barred from City Buildings "for L&I hearings." (*Id.*) She seeks an injunction to stay the demolition of the property and, apparently, to prevent enforcement of the "bogus" violations. (*Id.*)

Prater attached to her Complaint various exhibits, which concern notices of code violations for property at 6003 Reinhard St. in Philadelphia. Prater is listed as the owner of that property. The exhibits include an initial notice of violation dated October 16, 2019, in which the City of Philadelphia Department of Licenses and Inspections ("L&I") notified Prater that the property had been declared unsafe, informed her of the violations, and stated that a reinspection would occur on November 8, 2019. (*Id.* at 9-10.) It appears L&I thereafter inspected the property and sent Prater a notice dated November 14, 2019 informing her that she was required to obtain a vacant structure license, imposing penalties and fees on her, and notifying her of her right to appeal. (*Id.* at 13-14.) L&I sent Prater another notice on December 10, 2019, notifying her that it inspected the property on that date and declared it unsafe for various reasons, and a "Final Notice of Violation and Order" informing Prater that L&I inspected the premises on December 26, 2019 and declared it "imminently dangerous." (*Id.* at 5 & 15.)

The exhibits also include a license issued to J Reyes Construction Inc., dated March 2015; it is not clear that this document pertains to Prater's property or whether the permit was valid at the time the building was declared unsafe. (*Id.* at 21.) Additional exhibits indicate that Prater filed an appeal of some or all of the violations, (*id.* at 4, 8, 12), that a hearing is scheduled on January 16, 2020 on one of the appeals, (*id.* at 7), and that a hearing is scheduled on another appeal on May 5, 2020. (*Id.* at 11.) Prater's "Motion for Protection" refers to a hearing scheduled for January 9, 2020. (ECF No. 3.) She also alleges in her Complaint that the City is

"try[ing] to illegally demolish our building in 10 days" from the date of the Complaint, which would be January 9, 2020. (Compl. ECF No. 2 at 1.)

## II. STANDARD OF REVIEW

The Court will grant Prater leave to proceed *in forma pauperis* because it appears that she is incapable of prepaying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Prater is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

3

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

Prater's claims fail for various reasons. Even affording the Complaint liberal construction, Prater has not sufficiently alleged what happened to her and how each Defendant was involved in the events giving rise to her claims. Although the Court can discern that Prater's claims generally involve the possible demolition of her property and code violations that have been cited at that property, the factual allegations supporting her claims are confusing and unclear, such that it is difficult to determine with any clarity what happened, when it happened, and what facts and circumstances support Prater's claims. Prater attached exhibits to her Complaint, but without an explanation of the specific code violations or procedures she is challenging, her pleading does not comply with Federal Rule of Civil Procedure 8. *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the

required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).").

There are other defects in Prater's Complaint. The Court construes Prater's Complaint as raising due process claims pursuant to 42 U.S.C. § 1983 based on a course of action the City has taken with respect to her property.[3] Prater's Complaint and Motion indicate that a hearing was taking place within ten days of December 30, 2019, which would be January 9, 2020, and that the City sought to demolish the property on that date. Due to an administrative delay in opening and processing the case, the Court was not able to address this matter before January 9, so any relief related to these matters are unfortunately moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). Another defect is that Prater has named as Defendants certain departments of the City, which are not themselves amenable to suit under § 1983, *see* 53 Pa. Cons. Stat. Ann. § 16257; *Philadelphia Entm't & Dev. Partners, L.P. v. City of Philadelphia*, 939 A.2d 290, 292 n.1 (Pa. 2007), and she has also named individual Defendants without alleging facts supporting any claim against them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable").

Furthermore, under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the Court must abstain from adjudicating challenges to certain state or administrative proceedings. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when

---

[3] It is possible, but unclear, that Prater may be trying to raise a retaliation claim based on her status as a "whistleblower." (Compl. ECF No. 2 at 2.) If she is trying to bring such a claim, it fails because there are no facts alleged tying any action by a Defendant to a retaliatory motive.

5

important state interests are involved."). Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). Absent extraordinary circumstances not present here, *Younger* abstention applies when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 671 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). *Younger* abstention is "premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. C.C.P., Delaware Cty, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).

Here, Prater's Complaint indicates that, to the extent her claims are not moot, there are ongoing proceedings before municipal agencies. The Supreme Court has applied *Younger* abstention "to state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his [or her] constitutional claim." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986). The United States Court of Appeals for the Third Circuit has applied *Younger* abstention in the context of a constitutional challenge to the City of Philadelphia's parking ticket procedures. *See O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 (3d Cir. 1994) ("We hold that the district court should have exercised its discretion to abstain, rather than to decide the constitutionality of Philadelphia's ticketing procedures."). As Prater's

Complaint suggests that, to the extent this controversy is not moot, administrative proceedings are pending, the first prong of *Younger* is satisfied.

As to the second prong, the City has an important interest in enforcing its municipal code in circumstances such as this case, in which it has identified an allegedly unsafe structure that could cause harm if not addressed. *See O'Neill*, 32 F.3d at 792 ("[T]he City of Philadelphia has a vital and critical interest in the functioning of a regulatory system, such as the one at issue here, which is intimately associated with the physical and financial workings of the city in general, and of the municipal government in particular."); *cf. Coles v. City of Philadelphia*, 145 F. Supp. 2d 646, 652 (E.D. Pa. 2001) (noting in the context of condemnation proceedings that "[t]here are, however, significant state policies and administrative concerns underlying a state's eminent domain proceedings."), *aff'd sub nom. Coles v. Street*, 38 F. App'x 829 (3d Cir. 2002). Furthermore, Prater seeks injunctive relief in the form of an order prohibiting the City from addressing the violations at her property, including demolishing that property. (Compl. ECF No. 2 at 2.) It is therefore apparent that the second prong of *Younger* is met because Prater seeks to enjoin an administrative proceeding in which the City has an important interest. *See Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200-01 (3d Cir. 1992) (observing that, in the typical case for *Younger* abstention, "the federal plaintiff's object in filing the federal action is either to seek an injunction against the state proceedings themselves or to challenge the law being applied in those proceedings").

The third prong of *Younger* is also satisfied here. "Under Pennsylvania law, a plaintiff may raise constitutional claims during the judicial review of an administrative decision." *Gentlemen's Retreat, Inc. v. City of Philadelphia*, 109 F. Supp. 2d 374, 380 (E.D. Pa. 2000) *aff'd,* 276 F.3d 577 (3d Cir. 2001). Accordingly, even if Prater cannot raise constitutional claims in administrative proceedings, she may do so in state court if the administrative proceedings do

7

not resolve in her favor.[4] *See id.* (the final prong of *Younger* "is satisfied, however, even if the constitutional claims could not be raised in an administrative proceeding but could be raised in a state-court review of that administrative proceeding."); *see also Ohio Civil Rights Comm'n*, 477 U.S. at 629 ("[I]t is sufficient . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding"); *Sixth Angel Shepherd Rescue, Inc. v. Schiliro*, 596 F. App'x 175, 178 (3d Cir. 2015) ("Even when a state administrative law judge refuses to consider federal constitutional claims, we have nonetheless required abstention when a litigant may raise those claims on appeal in state court.").

In sum, to the extent Prater's claims are not moot, the Court must abstain from adjudication because she is seeking to enjoin pending administrative proceedings in which the City has an important interest. However, because the nature of Prater's claims are unclear based on the manner in which they are pled, and considering that she is representing herself, the Court will give Prater leave to file an amended complaint out of an abundance of caution.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Prater leave to proceed *in forma pauperis*, dismiss her Complaint, and deny her Motion for Protection. Prater will be given leave to file an amended complaint in accordance with the Court's Order, which follows this Memorandum.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**

---

[4] The basis for Prater's due process claim appears to be that she is "barred" from the building in which her hearing will be held. (ECF No. 3.) It is not clear what she means by that, why she is "barred," or whether she has attempted to address this matter with any appropriate authorities with regard to hearings in which she has an interest.